|  |  |
|---|---|
| ) | **United States District Court** |
| **Gabrielle Rancifer** ) | **Northern District of Illinois** |
|   Plaintiff ) |  |
| ) |  |
| **v.** ) |  |
| ) | Case No._____ |
| **Consolidated Electrical** ) |  |
| **Distribution, Inc.,** ) |  |
| **Pedro Santos Merino,** ) |  |
| **and John Doe** ) |  |
| **Defendants** ) |  |

## COMPLAINT

**COMES NOW,** the Plaintiff, Gabrielle Rancifer, by and through her attorney, Sylvester Smith, and for her complaint against the Defendants, Consolidated Electrical Distribution, Inc., Pedro Santos Merino and John Doe states:

### JURISDICTION AND VENUE

1. All facts complained of occurred in in Cook County, Illinois.

2. The Plaintiff and Defendants are Citizens of different states and the amount in controversy is more than $75,000.00.00.

3. This Court is a court of proper jurisdiction and venue.

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper in Cook County, Illinois pursuant to the State of Illinois' long arm statute.

### PARTIES

6. Plaintiff, Gabrielle Rancifer (hereinafter "Ms. Rancifer") was at all times cited herein, an adult citizen of Little Rock, Arkansas. Mrs. Rancifer's permanent residence is in Arkansas. She is

also registered to vote there and has an Arkansas Driver's license.

7. Separate Defendant, Consolidated Electrical Distribution, Inc. (hereinafter referred to as "CED") is Delaware corporation registered to do business with the State of Illinois. The company is headquartered in Dallas Texas. Additionally, CED has an established business office in Cook County, Illinois.

8. Separate Defendant, Pedro Santos Merino (hereinafter referred to as "Mr. Merino"), is an individual who lives in Des Plaines, Illinois. Based upon Plaintiff's information and belief, was an employee, contractor or agent of CED at all times relevant to this action.

9. Separate Defendant John Doe (hereinafter referred to as "Doe")refers to person or persons who are unknown to the Plaintiff who contributed to her injury.

## FACTS

10. On or about October 2, 2019, Ms. Rancifer was driving her bicycle headed south on Sheridan Rd in Evanston, Il. Ms. Rancifer was being careful and attentive in her manner of operating the vehicle. At the same time Separate Defendant Merino was driving a large Ford truck belonging to CED.

11. Merino was an employee, contractor or agent of CED at all times relevant to this action. Merino was also working within the scope of his employment for CED at the time of the accident.

12. Based upon Plaintiff's information and belief, Merino was also an employee, contractor, insured or agent of Doe at all times relevant to this action. Based upon the Plaintiff's information and belief, Merino was working within the scope of his employment, agent or insured of Doe at the time of the accident.

13. Merino began to make a left turn into a private drive. Merino failed to see Rancifer in his path and struck the rear of her bicycle with his vehicle. Rancifer was struck with such great force

that she was thrown from her bicycle and onto the pavement below.

14. The force of the collision left Ms. Rancifer with several injuries including upper and lower back pain, pain in her neck, pain in both shoulders, pain in her chest and posttraumatic headaches.

15. Overtime Ms. Rancifer has developed cognitive issues, vision problems and a host of neurological issues, some of which are permanent.

16. Mr. Merino was found to be at fault by the investigating police officer and was found to have caused the accident by "turning into" Ms. Rancifer. He also failed to reduce speed to avoid a crash.

17. To make matters worse, Merino was fully aware that he hit Ms. Rancifer, but drove off without providing assistance to her, even while she lay injured on the side of the road.

### CAUSE OF ACTION 1 AGAINST MARINO NEGLIGENCE

18. The Plaintiff adopts the paragraphs above as if fully stated herein.

19. As a driver on a public roadway, Mr. Merino had a duty to exercise ordinary care in the operation of the vehicle in which he was driving.

20. Mr. Merino negligently breached that duty in connection with the above-described motor vehicle collision in the following particulars:

    (a) Failure to keep the vehicle under proper control;

    (b) Failure to keep a proper lookout;

    (c) Failure to yield;

    (d) Failure to adhere to traffic signal rules; and

    (e) Failure to exercise ordinary care under all the existing circumstances.

21. As a proximate result of Mr. Merino's negligence as set forth herein, Ms. Rancifer sustained serious injuries to the body, including but not limited to, injuries to her spine, back, neck,

shoulders, head and neurological system. Further, Ms. Rancifer's injuries have caused and will continue to cause pain and suffering, mental anguish, and medical expenses.

22. Mr. Merino's negligent conduct in his operation of the vehicle was the actual and proximate cause of Ms. Rancifer's injuries and damages. Those damages include medical expenses and pain and suffering and permanent injury for which Ms. Rancifer seeks more than $75,00.00 in damages.

## CAUSE OF ACTION 2 AGAINST CED RESPONDEAT SUPERIOR

23. The Plaintiff adopts the paragraphs above as if fully stated herein.

24. The vehicle driven by Marino at the time of the accident was owned by CED.

25. Separate Defendant CED is liable for the acts of its agents, employees, servants, and independent contractors, including but not limited to Mr. Marino under the doctrine of Respondeat Superior.

26. At all times relevant to the instant matter Marino was working in the interest of and for the benefit of CED.

27. CED had the right to control Marino's actions at all times relevant to these proceedings.

28. Therefore, CED is liable for Merino's negligent acts outlined above. As stated above, Ms. Rancifer was seriously injured due to Merino's negligence and suffered significant damages. Those damages include medical expenses and pain and suffering and permanent injury for which Ms. Rancifer seeks more than $75,00.00 in damages.

## CAUSE OF ACTION 3 AGAINST JOHN DOE RESPONDEAT SUPERIOR

29. The Plaintiff adopts the paragraphs above as if fully stated herein.

30. Based upon Plaintiff's information and belief the vehicle driven by Marino at the

time of the accident was co-owned or insured by Doe.

31. Separate Defendant Doe is liable for the acts of its agents, employees, servants, and independent contractors and insured, including but not limited to Mr. Marino under the doctrine of Respondeat Superior.

32. Therefore, Doe is liable for Merino's negligent acts outlined above. As stated above, Ms. Rancifer was seriously injured due to Merino's negligence and suffered significant damages. Those damages include medical expenses and pain and suffering and permanent injury for which Ms. Rancifer seeks more than $75,00.00 in damages.

## DAMAGES FOR MS. RANCIFER

33. As a sole result of the Defendants' negligence, as set forth herein, Plaintiff Gabrielle Rancifer has sustained and should recover for the following as damages:

    (a) Ms. Rancifer has sustained injuries to her body as a whole;

    (b) Ms. Rancifer has incurred medical bills for reasonable care and treatment of her condition;

    (c) Ms. Rancifer has experienced excruciating pain, suffering, and mental anguish in the past and will continue to experience suffering, and mental anguish in the future.

    (d) Ms. Rancifer has suffered permanent injury.

## PUNITIVE DAMAGES

34. Ms. Rancifer also seeks punitive damages. Separate Defendant, Merino left the scene of an accident with injury. Merino knew or should have known, in the light of the surrounding circumstances, that his conduct would naturally and probably result in injury to Ms. Rancifer and that he continued his conduct with malice or reckless disregard for the consequences from which

malice may be inferred.

35. As outlined above Merino's conduct is impugned upon CED and John Doe pursuant upon the doctrine of Respondeat Superior.

36. For all of which, Ms. Rancifer is entitled to recover damages within the jurisdictional limits of this Court, but more than $75,000.00.

## DEMAND FOR JURY TRIAL

37. Ms. Rancifer demands a trial by jury on all issues herein plead.

38. Ms. Rancifer reserves the right to amend or supplement this pleading and plead for any other just and proper relief.

**WHEREFORE**, the Plaintiff, Gabrielle Rancifer requests a recovery of compensatory and punitive damages against the Defendants, in an amount to exceed $75,000.00, together with costs herein expended, and all other just and proper relief to which they may be entitled.

    Respectfully submitted,

BY: /s/ Sylvester Smith
Sylvester Smith, ABN 2013146
General Bar Member
Attorney for the Plaintiff
The Firm, PLLC
4137 JFK BLVD, Ste. D
North Little Rock, Arkansas 72116
T: (501) 429-4885
F: (501) 429-4886
ssmith@thefirmpllc.net